UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> U.S. Attorney's Office <br> 555 Fourth Street, NW <br> Washington, DC 20530, <br><br> Plaintiff, <br><br> v. <br><br> $845,130.00 OF FUNDS ASSOCIATED WITH APEX CHOICE LTD., <br><br> Defendant In Rem, and <br><br> APEX CHOICE LTD., <br> 14/F, CHUN WO COMMERCIAL CENTRE, <br> 25 WING WO STREET, CENTRAL, HONG KONG <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No.: 18-2746 (RC) <br><br> Re Document Nos.: 25, 26 |

**ORDER**

**GRANTING GOVERNMENT'S MOTION TO STAY**

In this civil forfeiture action, Plaintiff the United States of America moved to stay the instant matter for a period of 180 days. Gov't Mot. to Stay ("Gov't Mot."), ECF No. 25. Defendant Apex Choice, Ltd. ("Apex Choice") responded to the Government's motion opposing the stay. Claimant's Opp. to Gov't Mot. to Extend Stay ("Def.'s Opp."), ECF No. 28. The Government subsequently filed a reply. Gov't Reply to Claimant's Opp. to Mot. to Stay ("Gov't Reply"), ECF No. 29.

When the United States moves for a stay, "the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal

case." 18 U.S.C. § 981(g)(1); *see United States v. Sum of $70,990,605*, 4 F. Supp. 3d 209, 211 (D.D.C. 2014). The Court must find both (1) a relation between the current forfeiture proceeding and a criminal case or investigation, and (2) that "continuation of the forfeiture proceeding will burden . . . the related investigation or case." 18 U.S.C. 981(g)(2). The Court must first determine whether the criminal case is related to the civil forfeiture proceeding by "consider[ing] the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." 18 U.S.C. § 981(g)(4). The United States may also submit evidence *ex parte* in order to avoid disclosure of any matter that may "adversely affect an ongoing criminal investigation or pending criminal trial." 18 U.S.C. § 981(g)(5). Next, courts must determine whether there would be an adverse effect upon a criminal investigation or prosecution by continuation of the forfeiture proceeding, and, if so, courts must grant a stay. *United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006).

The first statutory factor for granting a stay in a civil forfeiture proceeding is whether there is a related criminal investigation or case involving the claimant. 18 U.S.C. § 981(g)(2)(A). Here, the Court finds that the Government, through its motion and sealed affidavit, ECF No. 26, sufficiently demonstrated that the civil forfeiture proceeding and ongoing criminal investigation of Wang Hui ("Wang") are related because they arise from the same facts and circumstances. Gov't Mot. at 7 ("The potential for such adverse effects is present here, because the operative facts and parties involved in the instant case are the same as those in: (1) the criminal investigation related to the claimant's activities; and (2) the extant criminal case against 33 FTB defendants."). According to case law in this Circuit, the actions are "clearly related" where "a criminal investigation and a civil forfeiture action have common facts, similar

2

alleged violations and some common parties." *Sum of $70,990,605*, 4 F. Supp. 3d at 212 (quoting *All Funds on Deposit in Suntrust Account 8359*, 456 F. Supp. 2d at 65) (internal quotations omitted). In this case, the investigation into Wang involves the same relevant facts, i.e., the alleged laundering of funds between Wang's companies and various front companies and involves the same parties. *See* Gov't Mot. at 7. The Government's sealed affidavit further supports the conclusion that both the criminal investigation and the civil forfeiture action rest on many similar facts and circumstances.

Second, the Court must determine whether continuation of the forfeiture proceeding would burden the related criminal investigation. 18 U.S.C. § 981(g)(2)(C). The Court finds that civil discovery would adversely affect the ability of the Government to conduct its criminal investigation. Adversity can be found when the discovery process "would burden law enforcement officials who are otherwise conducting a contemporaneous criminal investigation" or would lead to the disclosure of confidential information, the government's criminal strategy, or otherwise undiscoverable evidence in the criminal process. *All Funds on Deposit in Suntrust Account 8359*, 456 F. Supp. 2d at 66. Courts will typically grant stays where the Government shows some evidence that there will likely be prejudice to the related criminal prosecution should the stay be denied. *See Sum of $70,990,605*, 4 F. Supp. 3d at 214–15 (refusing a stay because the government offered "no evidence that it cannot take discovery because of the pending criminal investigation").

Here, the *ex parte* affidavit submitted by the Government provides substantial evidence as to why a stay is appropriate. One reason why allowing civil discovery in this case would be inappropriate is that the scope of civil discovery is generally far greater than that of criminal discovery. "Where civil discovery would subject the government's criminal investigation to

'early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding,' a stay should be granted." *All Funds on Deposit in Suntrust Account 8359*, 456 F. Supp. 2d at 65–66 (quoting *United States v. One Assortment of Seventy-Three Firearms*, 352 F. Supp. 2d 2, 4 (D. Me. 2005). Additionally, the Government will be subject to disclosure of sensitive confidential witnesses through the discovery process, as well as general disruption to the criminal investigation should investigators be required to respond to civil discovery requests. *See* Gov't Mot. at 9 ("Having depositions would allow the claimant to examine these witnesses, which would expose the government's potential trial strategy and require witnesses to divulge sensitive information."). These concerns still arise even though the defendants allege that they will not engage in discovery. *See* Def.'s Opp. at 5 ("[T]here has been no civil discovery and it is not likely that Claimant will even need civil discovery from the government."); *see United States v. 2009 Dodge Challenger, VIN 2B3LJ44V49H561559*, No. 03:11-cv-328, 2011 WL 6000790, at *2 (D. Or. Nov. 30, 2011) (granting stay despite claimants not seeking discovery when the government would "be compelled to compile and reveal information and evidence collected in support of its criminal investigation" in order to oppose claimants' motions).

For the foregoing reasons, the Court concludes that the Government has sufficiently demonstrated the connection between the civil forfeiture proceeding and the ongoing criminal investigation, and has demonstrated that civil discovery would adversely affect the Government's ability to conduct its criminal investigation. The Court therefore grants the Government's Motion to Stay for a period of 180 days.

*   *   *

For the reasons stated above, it is hereby **ORDERED** that:

1. The United States' motion to stay this proceeding (ECF No. 25) is **GRANTED**; and it is

2. **FURTHER ORDERED** that this civil forfeiture case is **STAYED** for a period of one hundred eighty (180) days from the date of this Order; and it is

3. **FURTHER ORDERED** that the United States' motion for leave to file document under seal (ECF No. 26) is **GRANTED**; and it is

4. **FURTHER ORDERED** that the government shall file a case status report every 60 days.

**SO ORDERED.**

Dated: November 10, 2020

RUDOLPH CONTRERAS<br>United States District Judge